## CAREY v. ROBBINS.

Supreme Court. March, 1808.

*Wells' Notebook, 357.*

---

[1] This reference is to *A Digest of the Laws of Maryland Being an Abridgment, Alphabetically Arranged, of All the Public Acts of Assembly now in Force, and of General Use,* by Thomas Herty, Baltimore, printed for the editor, 1799.

*Horsey* and *Robinson* for plaintiff. *Cooper* and *Wells* for defendant.

In opening the cause before the jury were drawn, the defendant's counsel noticed that an objection would be made to the plot returned in this case, which, in consequence of this notice, they were allowed to press when the plot was offered in evidence. The objection was that no notice was given to defendant of the time of laying down the pretensions. It appeared, however, that the defendant was present and consented to the surveyor's going on.

PER CURIAM. JOHNS, C. J. We do not say that a casual attendance of a party at such a time, without notice and without any act done to authorize the proceedings after attendance, would be sufficient without proving notice, but here it is in evidence that the defendant consented expressly to the surveyor's going on with the pretensions. The plot is therefore evidence.

Plaintiff offered a deed bearing date 1777, but not proved and recorded until after the expiration of the year prescribed by the Act of Assembly [1 Del.Laws 220], and no accompanying possession proved.

Defendant's counsel objected that the deed was not testimony unless now proved, when offered in evidence. *Peery's Lessee v. Burton* was referred to.

PER CURIAM. JOHNS, C. J. This opinion is founded upon a mistaken idea that deeds cannot be recorded after the year. If not recorded within the year, it cannot have the effect of the warranty mentioned in the Act of Assembly, respecting the terms "grant, bargain and sell." The Court is of opinion that the deed may be read without being now proved.

[NOTE.] *Vide Peery's Lessee v. Burton, Buchannan v. Huffington, Penrose's Lessee v. Dickerson.* See 1 Body Laws 187, 189.

Defendant's counsel asked leave to except to the opinion of the Court, upon which plaintiff's counsel said they would undertake to prove the execution of the deed. The defendant's name was signed to the deed as a witness; and the plaintiff's counsel proposed calling upon the defendant to prove the execution of the deed, when the Court seemed to doubt whether defendant could be compelled to give evidence against himself. The other witness was dead. Plaintiff's counsel then insisted upon it that they were entitled to prove the handwriting of the witness who had become interested. They read Peake Ev. 105.

[NOTE.] *Vide Davidson's Lessee v. Bloomer,* 1 Dall. 123, where the witness becoming interested, his handwriting was not admitted to be proved, because the other witness was living and resident in the county.

PER CURIAM. JOHNS, C. J. The doctrine upon this point is fully settled by the case of *Swine v. Bell and others,* 5 Term 371.[1] The handwriting of the defendant might be proved.

Shankland's book offered and received in evidence on the part of the plaintiff, the Court saying that they had not gone so far as to declare everything in that book is evidence.

PER CURIAM. Exemplary damages are claimed by one party, and defendant's counsel urge that nominal damages ought only to be allowed, if any. The subject of damages is peculiarly within the province of the jury. If you are of opinion that the defendant has been guilty of a wanton, an ill-natured, and unneighborly act, then exemplary damages should be given; but if, on the contrary, you should consider it an indiscreet act only, and the commencement of this suit vexatious, then you will give nominal damages.

---

[1] Footnote by Wells, "In that case it was decided, 'If the subscribing witness to a bond be interested therein, as well at the time of the attestation as at the trial, he cannot be examined as a witness.' If a witness to a deed becomes infamous, he is to be considered as dead, *Jones v. Mason,* 2 Str. 833. Where a witness afterwards happens to be a devisee under a will, in which case, if there is another witness, proof of the hand is allowed, 1 Str. 34. The witness being administrator *de bonis non* of the obligee, proof of the hand was allowed, 1 Str. 34, *Godfrey v. Norris.* See 12 Vin.Abr. 223 pl. 8."